**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

UNITED STATES OF AMERICA

v.  NO. 2:05mj350

ROBIN LEA WHITE,

       Defendant.

### ORDER

In accordance with Rule 5.1 of the Federal Rules of Criminal Procedure and the Bail Reform Act, 18 U.S.C. § 3142(f), the Court held a preliminary and detention hearing on October 5, 2005. For the reasons set forth below, the Court FINDS that defendant's detention is warranted.

On October 4, 2005, the defendant was charged by criminal complaint with unlawful escape from custody, in violation of 18 U.S.C. § 751(a).

At the hearing held on October 5, 2005, the defendant waived her preliminary hearing. A defendant may waive her preliminary hearing. See Fed. R. Civ. P. 5.1(a)(1). The defendant then declined to put on evidence regarding her detention and waived her detention hearing. A defendant may also waive the right to a detention hearing guaranteed to her by 18 U.S.C. § 3142(f). See United States v. Clark, 865 F.2d 1433, 1436 (4th Cir. 1989) (en banc) (holding that a defendant may waive the right to a detention hearing or to the holding of a detention hearing within the time

requirements of 18 U.S.C. § 3142(f)).

The Court notes that the Pre-Trial Services Report indicates that the defendant has a criminal record, including two prior felony convictions.

In reaching its determinations herein, and accepting the defendant's waiver of her rights to both preliminary and detention hearings, the Court took into account the defendant's demeanor and concluded that she understood the nature and consequences of her waiver of her rights to both hearings. The Court also notes that the defendant was represented by counsel when she waived her rights to preliminary and detention hearings.

With respect to the issue of detention, the Court FINDS that the defendant should be detained pending trial. The Court therefore ORDERS the defendant DETAINED pending trial. See 18 U.S.C. § 3142(e) and (f); United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991); United States v. Araneda, 899 F.2d 368, 370 (5th Cir. 1990); United States v. Jackson, 823 F.2d 4, 5 (2d Cir. 1987); United States v. Medina, 775 F.2d 1398, 1402 (11th Cir. 1985).

Consequently, the Court further ORDERS the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant

shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this order to (i) the United States Attorney at Norfolk, (ii) the United States Marshal at Norfolk, (iii) the United States Pretrial Services Office at Norfolk, and (iv) counsel of record for the defendant. ENTERED this 5th day of October, 2005.

                                                            /s/
                                        F. Bradford Stillman
                                        United States Magistrate Judge